# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00041-CR

**Joseph Venable, Appellant**

**v.**

**State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 99-436-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

Joseph Venable pleaded guilty to indecency with a child by contact. Adopting the State's recommendation in the plea agreement, the district court placed Venable on deferred adjudication probation for ten years and assessed a fine of $2,500; as a condition of probation, the court ordered Venable to serve 180 days in county jail. Venable appeals, contending that his plea was involuntary and that his attorney provided ineffective assistance. We will affirm the order of deferred adjudication.

Venable was indicted for sexual assault and indecency with a child by contact. He was admonished in writing that the range of punishment was between two and twenty years in prison and a fine up to $10,000. In a waiver, consent, judicial confession, and plea agreement, he agreed to plead guilty to indecency with a child and to waive any right to appeal; in exchange, the State agreed to abandon the sexual assault count and to recommend that he receive ten years deferred adjudication, 180 days in jail with credit for time served, and a $2,500 fine.

Immediately below this recommendation is the warning, "If any form of community supervision is recommended, the Defendant understands that the court, without rejecting the plea agreement, has the discretion to impose any additional reasonable condition of supervision not listed in or prohibited by the plea agreement." The signatures of Venable and his attorney appear immediately below that caution. Further down on the same page, Venable signed below a statement waiving his right to appeal. The court approved the plea agreement and found that Venable knowingly, voluntarily, and intelligently waived his right to appeal.

Though Venable thereafter moved to withdraw the plea, contending that the plea was coerced, the court proceeded to impose a sentence in conformity with the State's recommendation. The judgment indicates that Venable will receive credit for 162 days time served; eighteen days remain to be served.

Venable contends that his plea was involuntary because his counsel misled him as to the result of his plea.

The record does not support his complaint. There is no showing in the record that appellant is illiterate or incompetent, nor is there any evidence of false promises, coercion, or malfeasance regarding the plea. Venable contends that he was promised he would receive probation. He did. He contends that he was promised that one count against him would be dismissed. It was. Appellant may be complaining about the 180 days of jail time assessed as a condition of probation, reduced by time served to eighteen days. Any argument that he did not know about the State's recommendation of jail time is belied by his two signatures on the plea agreement below that very recommendation, which the district court adopted in its entirety. Even

if there were evidence that counsel told Venable he would not receive jail time, which there is not, the language of the written plea agreement disabuses Venable of that notion. Venable's signature on the plea bargain that plainly contains the State's recommendation of jail time nullifies the effect of any contrary advice. *See Ex parte Evans*, 690 S.W.2d 274, 277-279 (Tex. Crim. App. 1985).

Venable makes some unclear assertions that his counsel was ineffective.

> When a defendant enters his plea upon the advice of counsel and subsequently challenges the voluntariness of that plea based on ineffective assistance of counsel, the voluntariness of such plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) . . . .

*Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Because there is no evidence in the record that Venable's counsel gave him incompetent advice, this argument also fails.

We affirm the order of deferred adjudication.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: March 29, 2001

Do Not Publish